STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss                                          No. CR-19-3332


STATE OF MAINE


v.                                                          ORDER


ABDIRAHMON ABDULLAHI,

                    Defendant


Count 3 of the Indictment in this case seeks forfeiture of $ 1091.00 pursuant to 15 M.R.S.

§ 5826. It alleges (1) that defendant furnished or intended to furnish the money in question in

exchange for scheduled drugs or (2) that the money constituted proceeds traceable to such an

exchange or (3) that the money was used or intended to be used to facilitate a violation of Title

17-A M.R.S. Chapter 45.

At the beginning of the trial that occurred in July, the parties agreed that the forfeiture count

would be tried to the court. The evidence on the forfeiture count consists of the evidence that was

admitted at the trial.

At the outset, criminal forfeiture requires that the defendant be convicted of a crime in

violation of Title 17-A M.R.S. chapter 45. *See* 15 M.R.S. §§ 5821(6) and 5826(1). Defendant

Abdirahmon Abdullahi was convicted of Class B unlawful trafficking in cocaine base by the jury,

and the court has denied his post-trial motion for judgment of acquittal.

What remains is whether the State has proven by a preponderance of the evidence that the

$1091 in question constituted proceeds traceable to a drug transaction or whether it was intended

REC'D CUMB CLERKS OFF
JAN 25 '22 PM 2:13

to be used to facilitate a drug transaction.[1] The Law Court has ruled that the language of the forfeiture statute does not limit forfeiture to money that is traceable to the particular transaction for which a defendant was convicted. *State v. Pierce,* 2006 ME 75 ¶ 23, 899 A.2d 801. In this case, therefore, the State does not have to prove that the $ 1091 was traceable to the cocaine base that formed the basis for Mr. Abdullahi's conviction.

In this case Mr. Abdullahi told the police a false story as to how he had obtained the vehicle he was driving – that it belonged to the mother of someone named Lawrence Chris, who he described as a neighbor. In fact, it belonged to a Karla Blouin, who was not a neighbor, who did not know Mr. Abdullahi, and who had never given Mr. Abdullahi permission to use the vehicle.[2]

As shown on the video, when Mr. Abdullahi was asked to exit his vehicle, he attempted to conceal a baggie from the observation of a law enforcement officer standing at the passenger window by dropping it underneath the vehicle on the driver's side. That baggie in turned contained 46 individual corners of baggies or "ties" – containing a substance that appeared to be cocaine base. The total weight of the baggie containing the 41 "ties" was 46 grams including the weight of the packaging. A random selection of the substance– comprising the contents of five of the "ties" – was found to constitute cocaine base by the State laboratory.

Mr. Abdullahi's knowledge that the baggie contained scheduled drugs is demonstrated by his attempt to conceal the baggie under the car and his attempt to reclaim it, when the car was

---

[1] The court does not find that there is any evidence that Mr. Abdullahi had furnished or had intended to furnish the $1091 in exchange for scheduled drugs.

[2] Ms. Blouin testified that she had loaned her car to someone named Jeremy Thompson. As the investigation proceeded, it became evident Mr. Abdullahi knew Jeremy Thompson and had Jeremy Thompson's number on his phone. He also eventually changed his original story and said he had borrowed the car from Jeremy Thompson in order to pick up a friend named Lawrence Chris in Portland.

being towed, by attempting to scoot across the ground while seated and handcuffed. He then falsely claimed that the baggie belonged to the tow truck driver.

Finally, Mr. Abdullahi was found to have $1091 on his person[3] – an amount of cash that is significantly more than people ordinarily carry.

Mr. Abdullahi's false story about who owned the automobile, his attempt to conceal the cocaine, his transportation of 46 "ties" of cocaine base – apparently packaged for distribution – and his possession of $1091 in bills of various denominations constitute sufficient proof to persuade the court by a preponderance of the evidence that the $1091 constituted proceeds traceable to one or more drug transactions or monies intended to be used to facilitate one or more drug transactions. Accordingly, the $ 1091 shall be forfeited pursuant to 15 M.R.S. §§ 5821(6), 5826(1), and 5826(4)(A).

The court does not find that the State has specifically proven how the $ 1091 constituted proceeds traceable to drug transactions or how that sum was intended to be used to facilitate drug transactions. The court concludes that specific proof of this nature is not required. In *State v. Fox,* 2017 ME 52 ¶ 37, 157 A.3d 778, the Law Court found sufficient basis for forfeiture based on a defendant's apparently drug-induced unconsciousness; the discovery of heroin on the seat of an automobile driven by the defendant (heroin that defendant attempted to conceal by covering it with his baseball cap); the defendant's refusal to identify himself or the renter of the vehicle; the 99 packets of heroin found, and the amount of cash ($543) in question. *See* 2017 ME 52 ¶¶ 6, 8, 16. There is at least as much evidence in the instant case to support forfeiture as in *State v. Fox.*

The forfeiture of $1091.00 sought in Count 3 of the Indictment is hereby ordered.

---

[3] This consisted of five $100 bills, three $50 bills, 21 $20 bills, and a single dollar bill.

Dated:  January 25, 2022

_____
Thomas D. Warren
Justice, Superior Court